IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL SMITH, | ] |
| Plaintiff, | ] |
| v. | ] CV-01-BE-0310-S |
| WHITE CONSOLIDATED INDUSTRIES, INC., et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This case is before the court on the Plaintiff's Motion to Remand filed May 3, 2002, and Defendant William Greene's Motion to Dismiss and Response to Plaintiff's Motion to Remand filed June 11, 2002. The other defendants, Alstom, Inc., White Consolidated Industries, Inc., and Global Gauge Corporation also filed responses to Plaintiff's Motion to Remand. After reviewing these motions, briefs, evidentiary submissions, and hearing oral arguments on June 14, 2002, the court concludes that its order of March 27, 2002, granting Plaintiff's Motion to Amend the Complaint was improvidently granted, the amendment adding Greene is due to be STRICKEN, and the Motion to Remand is DENIED for the reasons stated below. Accordingly, Dr. Greene's Motion to Dismiss is GRANTED.

### Procedural History

Plaintiff filed this product liability suit on January 8, 2001, in the Circuit Court of



Jefferson County, Alabama, Bessemer Division. Smith's complaint named Ingersoll-Rand as a defendant and also named several fictitious defendants in the caption, including a "person liable for the plaintiff's injuries pursuant to § 25-5-11(c), Code of Alabama 1975." *See* Complaint. However, while Smith's original complaint asserted theories of liability including negligent and wanton design of a product, liability under the Alabama Extended Manufacturer's Liability Doctrine, and negligent and wanton failure to warn, the plaintiff did not allege a claim under § 25-5-11(c) of the Alabama Code in the body of his complaint.

On or about February 1, 2001, Ingersoll-Rand removed this action to this court. Subsequently, on July 25, 2001, Smith petitioned the court to amend his complaint to add defendants White Consolidated Industries, Inc., Alstom, Inc., and Kirkendall Measuray, Inc. Judge Lynwood Smith denied that motion on August 7, 2001, because of plaintiff's failure to inform the court of the citizenship of the new defendants. On August 21, 2001, the court granted Smith's "Second Amended Motion to Amend Complaint," which set out that White Consolidated Industries, Alstom, and Global Gauge Corporation ("Global Gauge") were foreign resident corporations. As a result, following the August 21, 2001, amendment of the complaint, complete diversity of citizenship continued between the parties.

On November 29, 2001, Smith petitioned this court for leave to amend his complaint to add William Greene[1] as a defendant to this lawsuit, based on allegations that "William Green[e], as plant safety engineer violated § 25-5-11 Code of Alabama 1975." Plaintiff's Motion to Amend Complaint, at ¶ 2.

---

[1] Plaintiff spells Mr. Greene's last name as "Green." Defense counsel spells Mr. Greene's last name as "Greene." This court adopts the spelling used by Mr. Greene's defense counsel, assuming counsel knows how to spell his client's name.

On December 9, 2001, this case was reassigned to this judge. On March 27, 2002, in an effort to address pending motions and move this case along, the court granted Plaintiff's Motion to Reconsider the scheduling order previously entered for the purpose of allowing an extension for filing of an amendment and granted Plaintiff's Motion to Amend the Complaint. At the time the court considered plaintiff's motions, which had been filed three months earlier, no defendant had filed any objection or response to plaintiff's motions. With only the plaintiff's proposed amended complaint before it, the court granted the motion and allowed the amendment.

On April 3, 2002, plaintiff filed the Second Amended Complaint. In the Second Amended Complaint, plaintiff alleged that Defendant Greene "violated § 25-5-11(c)(1) and (2) Code of Alabama 1975, in that he with a purpose or intent or design injured the plaintiff and/or with knowledge of the danger or the peril to the plaintiff consciously pursued a course of conduct with a design, intent and purpose of inflicting injury to the plaintiff and/or willfully and intentionally removed, failed to install, failed to utilize and/or maintain an available safety device or guard." Second Amended Comp. at 5.

On May 3, 2002, plaintiff filed his Motion to Remand. In that motion, plaintiff alleged that the original complaint included "claims under § 25-5-11(c) of the Alabama Code, 1975," and that plaintiff's allegations against Defendant Greene "stem from his alleged violations of § 25-5-11(c)(1) and (2) of the Alabama Code, 1975." The court notes, however, that the body of the original complaint did not state any cause of action against any defendant under Alabama Code § 25-5-11(c). The plaintiff also stated that he had been unable to ascertain the identity of William Greene at the time he first filed suit. Motion to Remand, para. 8. However, defendant Greene was the safety engineer at plaintiff's place of employment, and his identity was known to

3

plaintiff. *See* Plaintiff's Motion to Amend Complaint at ¶ 2. The plaintiff correctly asserts that the addition of Greene, an Alabama resident, as a defendant defeats the diversity jurisdiction of this court, thus requiring remand. However, the defendants, in their responses to the Motion to Remand, assert matters that were not considered by the court when plaintiff received permission to amend the complaint. The court, therefore, needs to evaluate the propriety of the amendment adding Greene before determining whether it must remand this case.

### Standard For Considering Plaintiff's Motion to Remand

The plaintiff argues that the court must remand this case because the addition of Greene as a defendant destroyed diversity and this court's jurisdiction. He argues that whether Greene is a proper defendant should be examined under the stringent test for determining whether a non-diverse defendant was fraudulently joined. *See* Plaintiff's Reply, p. 2 ff. The cases on which plaintiff relies involved the question of whether removal was proper despite the presence of a non-diverse defendant. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Coker v. Amoco Oil Co.*, 709 F.2d 1443, 1440 (11th Cir. 1989); *Bromberg v. Metropolitan Life Ins. Co.*, 50 F. Supp. 2d 1208 (M. D. Ala. 1999).

The plaintiff's argument ignores the fact that his case was properly removed. The question of whether it should be remanded more than a year after federal jurisdiction attached must be tested under 42 U.S.C. § 1447(e) – not under § 1447(c).

Under § 1447(e), after a case has been properly removed to federal court, if a plaintiff seeks to amend the complaint in a way that would destroy jurisdiction, the court has discretion to deny the amendment and maintain jurisdiction, or grant the amendment and remand the case to state court. What the court cannot do is allow an amendment that destroys federal jurisdiction

and exercise jurisdiction over the case. *See Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir. 1998).

## Propriety of Reconsidering Amendment

Before considering how to proceed, the court must determine whether it can properly reconsider its decision to allow plaintiff's amended complaint adding Greene as a defendant. The authority of the court to reconsider its order allowing the addition of a jurisdiction – destroying defendant finds support in *Ingram*, 146 F.3d 858. In *Ingram*, the plaintiff, by motion for leave to amend, had amended her complaint to add a non-diverse defendant. *See* 146 F.3d at 861. The district court granted the motion for leave to amend with an order that improperly stated that the motion was granted "with the express understanding that the addition of a non-diverse defendant would not destroy the court's diversity jurisdiction which had already attached." 146 F.3d at 861. The plaintiff argued on appeal that under § 1447(e) the court had no alternative but to remand the case to state court. *See* 146 F.3d at 862. The Eleventh Circuit disagreed. While the Eleventh Circuit Court of Appeals held that "[t]he district court had no discretion to add the [non-diverse defendant], retain jurisdiction, and decide the case on the merits," the Eleventh Circuit also held that it had the authority, under Fed. R. Civ. P. 21, to dismiss dispensable, non-diverse parties to cure a defect in diversity jurisdiction. 146 F.3d at 862. The Eleventh Circuit analyzed the relevant factors and dismissed the diversity-destroying party, retroactively restoring complete diversity and allowing the court to retain subject matter jurisdiction. 146 F.3d at 863. If the Eleventh Circuit can consider on appeal the propriety of an amendment under § 1447(e) and dismiss the added defendant, the trial court should likewise be able to reconsider its allowance of the non-diverse defendant by amendment.

In *Ingram*, the Eleventh Circuit relied heavily on the United States Supreme Court's

5

discussion of the application of Rule 21 of the Federal Rules of Civil Procedure in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989). Under Fed. R. Civ. P. 21, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In *Newman-Green*, the United States Supreme Court stated: "Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green*, 490 U.S. at 832 (citing *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154-55 (11th Cir. 1985)).

Rule 19 provides that a court shall consider the following factors in determining whether a party is indispensable:

> "[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate remedy if the action is dismissed for nonjoinder."

Fed. R. Civ. P. 19(b). Smith's claim against the three non-diverse parties will survive if Greene is dismissed from this case pursuant to Fed. R. Civ. P. 21. Smith will maintain an adequate remedy if Greene is dismissed, and any judgment rendered in Greene's absence will be more than adequate. As a result, Greene is a dispensable party and the proper remedy in this case is Greene's dismissal under Fed. R. Civ. P. 21. Because a dispensable party can be dismissed at any time, this court can dismiss Greene after improvidently allowing the plaintiff's amendment. *See Newman-Green,* 490 U.S. at 832; Fed. R. Civ. P. 21.

This court may remedy its improper allowance of plaintiff's amendment by dismissing Greene. This case presents similarities to *Le Duc v. Bujake*, 777 F. Supp. 10 (E.D. Mo. 1991).

In that case, a plaintiff obtained leave to file an amended complaint adding an additional count and an additional non-diverse defendant. Upon the plaintiff's later motion to remand, the district court held that where "the record indicates that the problem of the addition of the non[-]diverse defendant was not brought to the attention of the [c]ourt or recognized by the parties, the filing of the amended complaint should be considered a nullity and the [c]ourt given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the non-diverse individual] as a defendant." 777 F. Supp. at 11 (citing *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *appeal after remand*, 869 F.2d 879 (5th Cir. 1989), *reh'g denied*, 875 F.2d 858 (5th Cir. 1989), *cert. denied*, 493 U.S. 851 (1989)). Under the analysis of *Le Duc* and *Hensgens*, this court can properly revisit the requisite joinder analysis and determine whether joinder of Greene was proper.

### Reconsideration of Motion to Amend

In the Motion to Remand, plaintiff correctly asserts that the court should consider certain factors in determining whether to allow an amendment under § 1447(e). Those factors include:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton v. G & K Serv., Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999) (citing *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989)).

In his motion to remand, Smith sets out these four factors and states that "[a]nalyzing these factors, this court has already allowed the Plaintiff to amend its complaint to add William Green[e] as a Defendant to this lawsuit." Motion to Remand ¶ 7. However, as set out above, at

the time of plaintiff's motion for leave to add Greene as a defendant, the motion was not challenged and this analysis was not brought to the attention of this court by the diverse defendants. Thus, in analyzing whether the proper remedy is to dismiss Greene from this case, and in reconsidering whether the joinder of Greene was proper, this court should analyze plaintiff's joinder of Greene under the factors set out in *Sexton*.

1.  Intent to Defeat Federal Jurisdiction

The first factor that this court should consider in determining the propriety of the joinder of Greene is the extent to which the purpose of plaintiff's amendment is to defeat the jurisdiction of this court. Several courts have held that the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction. *See Sexton*, 51 F. Supp. 2d at 1312; *see also, In re Norplant Contraceptive Products Liability Litigation*, 898 F. Supp. 429 (E.D. Tex. 1995).

In the present case, Smith knew Greene and knew or should have known that Greene was the Department Manager of Safety, Security and Industrial Hygiene at U.S. Steel Fairfield Works before Smith filed this suit in January 2001 and long before he sought leave to amend on November 2001. The undisputed evidence shows that Smith knew William Greene and had personally spoken with him prior to the filing of the initial complaint in this case on January 8, 2001. Following Smith's March 5, 2000 accident, Greene participated in the investigation of Smith's accident. William Greene also visited Smith at his home in March 2000 during his recovery from surgery. In his deposition in his workers' compensation case against U. S. Steel, Smith admitted that he recalled Greene's visit following his accident. Smith filed his workers'

compensation case against U. S. Steel on March 27, 2000, and he was represented by P. Mark Petro in that claim. Petro has also represented Smith in this case since its inception. Smith propounded interrogatories and request for production to U. S. Steel in the workers' compensation case. Thus, Smith had multiple opportunities in the course of discovery in his workers' compensation lawsuit to ascertain that Greene was the Department Manager of Safety, Security and Industrial Hygiene at the time of Smith's accident in March 2000, and he cannot argue that he only recently obtained facts that were in U. S. Steel's possession.

However, despite the fact that Smith knew Greene and either knew or should have known Greene's position prior to filing this lawsuit in January 2001, Smith first moved to add Greene to this case in November 2001, nine months after removal to federal court. Under the analysis set out in *Sexton*, the timing of Smith's amendment to add Greene strongly indicates that the purpose of Smith's amendment was to defeat diversity jurisdiction.

An additional factor in the analysis of whether a plaintiff's purpose in adding a non-diverse defendant is to defeat subject matter jurisdiction is a consideration of the relative merits or strength of the plaintiff's claim against the diversity destroying defendant. *See Goodman v. Travelers Ins. Co.*, 561 F. Supp. 1111, 1113 (N.D. Cal. 1983) (holding that if the claim against the non-diverse defendant is relatively strong, joinder should be allowed). Conversely, if the claim against the non-diverse defendant is relatively weak or has no merit, that factor should be taken into account and would weigh against joinder.

In *Bevels v. American States Insurance. Co.*, 100 F. Supp. 2d 1309 (M.D. Ala. 2000), the court also discussed the relative merits of the plaintiffs' claims against the non-diverse defendant they were attempting to join. The court determined that whether the plaintiffs had adequately

alleged claims against the non-diverse defendant was questionable. 100 F. Supp. 2d at 1314. The court relied upon the relative weakness of the plaintiffs' claims as support for its decision to deny joinder of the non-diverse defendant and to deny remand. Id.

In the present case, Smith's Second Amended Complaint alleges that William Greene was Smith's "safety supervisor" and that on March 5, 2000, Greene violated §§ 25-5-11 (c)(1) and (2) of the Code of Alabama. Section 25-5-11 (c) of the Alabama Code governs a plaintiff's claim against a co-employee arising from a work-related injury.

The legislature and the Alabama Supreme Court have established a very high burden of proof for claims brought under §§ 25-5-11 (c)(1) and (2). To succeed on a claim under § 25-5-11 (c)(1), a plaintiff must show that a co-employee defendant was substantially certain that, if an accident occurred, injury or death would result and that the defendant was substantially certain that his actions would result in an accident. See *Ex parte Martin* 733 So. 2d 392 (Ala. 1999). On a claim brought under § 25-5-11 (c)(1), evidence of negligence or wantonness is not sufficient, and the legislature has "placed upon an injured worker a heavier burden in proving a purpose, intent, or design to injure on the part of a co-worker." *Cooper v. Nicoletta*, 797 So. 2d 1072, 1077 (Ala. 2001) (quoting *Reed v. Brunson*, 527 So. 2d 102, 120 (Ala. 1988)).

The plaintiff, in his reply brief, argues that consideration of the merits of his claim against Greene should be rejected as improper at this stage. *See* Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Remand. The cases relied on by the plaintiff involve an evaluation of the merits of the claim asserted against allegedly fraudulently joined defendants initially named in the complaint. The standard for evaluating claims of fraudulent joinder differs from the standard for evaluating whether to allow the addition of a non-diverse defendant under § 1447(e). A district

court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the amendment. *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 361 (M.D. La. 1997) (citing *Whitworth v. TNT Bestway Transp.*, 914 F. Supp. 1434, 1435 (E.D. Tx. 1996) and *Hensgens*, 833 F.2d at 1182).

While the merits of plaintiff's claim against the added defendant may be one factor to consider in determining the purpose of plaintiff's amendment, it comprises only one factor. Without delving into an extensive analysis of the evidence presented to date, the court notes the extremely high barrier erected by the state legislature in stating a claim against a co-employee. *See e.g., Cooper v. Nicoletta,* 797 So. 2d at 1077; *Bean v. Craig,* 557 So. 2d 1249, 1252 (Ala. 1990) (evidence showing only knowledge or appreciation of risk or injury insufficient; plaintiff must show co-employee acted with purpose, intent or design to injure). The court expresses reservation about plaintiff's ability to successfully proceed against Greene, but that reservation as to the merits of plaintiff's claim does not determine the issue in this case. The court, however, does consider the weakness of plaintiff's claim as part of its determination that the plaintiff added Greene to defeat diversity jurisdiction.

2.      <u>Dilatory Amendment</u>

Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add Greene to this case. As already noted, plaintiff knew Greene, had personally spoken with him, and had ample opportunity to ascertain the identity of his employer's safety manager in his workers' compensation case before he filed this suit in January

2001, and long before he sought to add Greene as a defendant in November, 2001. The court concludes that plaintiff's delay of twenty months after the accident, eleven months after filing suit, and ten months after removal to add Greene was dilatory.

3.   Lack of Prejudice to Plaintiff

The court, under the *Sexton* factors, should also consider whether the plaintiff will be significantly injured if the court does not allow Greene to remain a defendant. The Eleventh Circuit addressed this specific issue in *Ingram v. CSX*, 146 F.3d 858 (11th Cir. 1998). In *Ingram*, the court dismissed a non-diverse defendant pursuant to Rule 21 after discussing § 1447(e) despite that fact that the statute of limitations would bar any claim the plaintiff had against the non-diverse defendant. 146 F.3d at 863.

Similarly, in this case, the mere fact that the statute of limitations may now bar plaintiff's claim against Greene does not justify allowing the amendment. Further, plaintiff has not shown that he would be unable to fully recover against the remaining defendants without Greene's presence.

4.   Other Equitable Concerns

In addition to the Eleventh Circuit's consideration of the issue in *Ingram v. CSX*, several federal district courts in Alabama have addressed the joinder of non-diverse defendants in cases removed on diversity jurisdiction. One focus of recent opinions analyzing whether to allow joinder of a non-diverse party has been the interest of the diverse defendants in their choice of a federal forum. *See Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311 (M.D. Ala. 1999). As the United States District Court for the Middle District of Alabama stated, "[i]n balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the

federal forum is the very purpose of the removal statutes." 51 F. Supp. 2d at 1313 (citing *Hensgens*, 833 F.2d at 1181).

Diversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

Having now considered the *Sexton* factors, the court concludes that none of the factors support allowing the amendment. The proper remedy for the improvident allowance of the amendment is to now dismiss the Second Amended Complaint under § 1447(e) and to dismiss defendant Greene as a dispensable party under Rule 21. An order to that effect will be filed contemporaneously with this opinion.

DONE and ORDERED this 22d day of October, 2002.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE